CHARLES T. RUSSELL and SAMUEL RUSSELL, Respondents, *v.* SAMUEL W. ALLERTON, Appellant.

*Contract — conditioned that it shall be performed to the satisfaction of the other party — what compliance with it will be required.*

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages for a breach of a contract of freight entered into between the plaintiffs and the defendant, dated at Liverpool, July 23, 1878. It was agreed between the plaintiffs, as sub-owners of the steamer " Bertha," and the defendant, that it should proceed to Philadelphia, and, in the words of the contract, " ship to run regularly commencing at loading port on March 15, 1879, or not later than April first, and continuing up to July 15, 1879." She was to be loaded with live cattle, and it was provided by the charter party that the cattle fittings were to be furnished by the plaintiffs ; and it had this further provision — " Charterers to approve the ventilation."

The action was brought to recover damages for the failure of the defendant to receive and use the ship as agreed. The defense was that the ship was not ready to sail at the time specified, and that the plaintiff refused to furnish blowers to properly ventilate

the ship when required to do so by the defendant, the defendant having refused to "approve the ventilation until blowers were put on."

In charging the jury, the learned justice said in regard to the ventilation : " The defendants also say that they desired to have blowers put upon the vessel, and sent Dr. Craven for the purpose of examining the vessel in that regard. I do not intend to allude in detail to the evidence on the subject of the blowers. The significance of that evidence only makes itself apparent in view of the fact that the instrument, which is the foundation of this action, contemplates that the charterers are to approve of the ventilation. It is my duty to say to you that that must be interpreted reasonably. The charterers would have no right to ask for anything unreasonable as to ventilation [nor put the other party under unusual burdens in that regard]. [A good deal of evidence has been introduced as to the condition of the vessel, the means of ventilation which she had at the time, hatches, windsails, and other appliances. You will determine from that evidence, whether the charterers, under the circumstances, were entitled to ask for anything additional, whether the demand for blowers was a reasonable or unreasonable one.] [If it was an unreasonable demand, the fact that there were no blowers on the ship, or that they were withheld by the plaintiffs, would be no justification of a refusal to put the cattle on her.] " To which portion of the charge in brackets defendants excepted. " But if you should.think that the blowers were a reasonable requirement, you may examine the evidence as to whether plaintiffs or their agents had refused to put the blowers on [and as to whether they would not have been in at the time when it was claimed by the plaintiffs that the ship was to be in readiness to receive the cattle]." The portion marked in brackets was duly excepted to by the defendant's counsel.

The court at General Term said : " The evidence in the case, considered with reference to that subject, did not show that the demand for blowers was unreasonable. It is true that some of the witnesses considered it unnecessary to use blowers because they accomplished no good results, but that it was unreason· able to demand that they should be put in the vessel, under the right which was secured to the defendant to approve of

the ventilation, was not testified to in express terms. But whether it was or not makes no difference. The defendant having secured the right by the charter party to approve of the ventilation of the ship, he was entitled to all the benefit and advantage of that element of the contract. He was made the sole arbiter on that subject. And the cases are numerous in support of the proposition that if such a provision is inserted the party against whom it operates takes the consequences. (*McCarren* v. *McNulty*, 7 Gray, 139; *Brown* v. *Foster*, 113 Mass., 136; *Barton* v. *Hermann*, 11 Abb. [N. S.], 378; *Butler* v. *Tucker*, 24 Wend., 447; *Gibson* v. *Cranage*, 33 Am., 353 and analogous; *Whiteman* v. *The Mayor*, 21 Hun, 117; *Thomas* v. *Fleury*, 26 N. Y., 26, 33; *McMahon* v. *N. Y. and Erie R. R. Co.*, 20 id., 463, 467; *Bowery Nat. Bank* v. *Mayor*, 63 id., 336; *Smith* v. *Wright*, 4 Hun, 652.)

As said in the case of *McCarren* v. *McNulty* (*supra*), in which the contract provided that the work was to be done to the satisfaction of the defendants, " against the consequences resulting from his own bargain the law can afford him no relief. Having voluntarily assumed the obligations and risks of the contract, his legal rights are to be ascertained and determined solely according to its provisions."

The defendant did not fail to insist upon this element of his case, by motion and exceptions to evidence and to the charge of the learned judge.

When the testimony was closed a motion was made on his behalf to dismiss the complaint upon the ground, among others, that the plaintiffs had failed to provide the ventilation required by the defendant, a proposition which, according to the testimony and the facts developed on the trial, was clearly correct. The testimony does not warrant the conclusion that the defendant was either acting in a captious, fraudulent or unreasonable spirit in demanding that the blowers should be placed upon the ship. So far as the case shows the sentiment controlling him, it was a conviction that without the blowers his cattle could not be safely transported. And that he was strongly imbued with this view was demonstrated by his cross-examination, in which he stated that that was made the subject of particular conversation and consideration before the contract was made, and that he insisted upon it that the right which

the contract gave him in reference to the ventilation should be accorded him.

*Ira D. Warren,* for the appellant.

*Joseph H. Choate,* for the respondents.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, cost to abide event.